RECEIVED   05/13/2022 14:45



LAW OFFICE OF
STEPHEN J. HAEDICKE

1040 ST. FERDINAND ST, NEW ORLEANS, LA 70117 | P 504.291.6990 | F 504.291.6998 | HAEDICKELAW.COM

May 13, 2022

Division of Administration
Attn: Medical Review Panel Office
PO Box 44336
Baton Rouge, LA 70804-4336
**BY CERTIFIED MAIL/R.R.R.**
**Also BY FAX AT 225-342-1057**

                RE:    **Request for Medical Review Panel**
                           **Swa'Drian Lewis and Kimberly Sowell**

                           **Versus**

                           **Wellpath LLC; Terri Ducote; and Frank Rattray**

Dear Commissioner of Administration:

On behalf of the above-named claimants, Swa'Drian Lewis and Kimberly Sowell, please consider this a request that a Medical Review Panel be formed to consider a claim of medical malpractice. Pursuant to LA R.S. 40:1231.8 or other relevant law, we request that the following be named defendants:

      1.     Wellpath LLC
      2.     Terrie Ducote, LCSW
      3.     Frank Rattray, LPC

The purpose of the panel is to evaluate a claim of medical malpractice based on the actions and inactions of the above individuals. The actions of these defendants deviated from the standard of care in the following non-exclusive respects:

This case involves the suicide of Anthony Hunt at the Orleans Parish jail, also known as the Orleans Justice Center ("OJC"), on June 22, 2021. Claimant Kimberly Sowell is the mother of the decedent, Mr. Hunt. It is believed that Swa'drian Lewis may be the adult son of the decedent, Mr. Hunt. Defendant Wellpath LLC, which was formerly known as Correct Care Solutions, LLC, was the company that provided medical staffing and services at the OJC. Defendant Terrie Ducote is a licensed clinical social worker who worked for Wellpath as a mental health professional at the OJC. Defendant Frank Rattray is a licensed professional counselor who worked for Wellpath as a mental health professional at the OJC. Both Ducote



RECEIVED

2022 MAY 13 PM 2: 45

DIVISION OF ADMINISTRATION
ATTORNEY GENERAL'S OFFICE

MAY 1 7 2022

LPCF

EXHIBIT
A

RECEIVED  05/13/2022 14:45

and Rattray were acting in the course and scope of their employment with Wellpath at all relevant times.

### Facts

Mr. Hunt was arrested on an out-of-state warrant and booked into the OJC on June 11, 2021. It is believed that Mr. Hunt had a quantity of the drug fentanyl in his possession at the time of his booking. The staff at OJC failed to follow proper search procedures and Mr. Hunt entered the facility with the fentanyl still in his possession.

The cells at OJC do not have windows to the outside and are fronted by doors of solid metal with only a small viewing window and a food slot that is kept locked when not in use. After spending much of the next ten (10) days in such a cell, isolated and on lock-down, Mr. Hunt demanded that he be let out. OJC staff refused his request. Mr. Hunt then broke the fire-system sprinkler head in his cell, which caused the system to activate in his cell. The water flowed for nearly an hour as the OJC staff had difficulty accessing the closet with the shut-off valves. The water flooded both Mr. Hunt's cell and the rest of the tier.

The water was eventually shut off and the clean up began. An OJC Captain ordered that Mr. Hunt not be allowed out of his cell and for his cell not to be cleaned of water. Therefore, Mr. Hunt was kept in a cold, flooded cell for the next sixteen (16) hours, up to the time of his death.

Shortly before 8:00 p.m., Defendant Ducote was alerted that Mr. Hunt had expressed the intention to harm himself. Defendant Ducote went to Mr. Hunt's cell and found him sitting on the floor of his cell, on his mattress in the water. His arms and legs were crossed. Despite the non-private nature of the situation (other inmates were within hearing distance), Ducote attempted to communicate with Mr. Hunt through the solid metal door of his cell. Ducote claims that Mr. Hunt was essentially non-verbal during this encounter, although he did speak a few words out loud at points. Ducote claims that she asked Mr. Hunt if he was feeling suicidal, and he shook his head "no." She also claims that Mr. Hunt asked to be let out of his cell, but she advised that she could not do that. She then told Mr. Hunt to contact a guard if he wanted to talk with her again. She then left him sitting on the floor of the flooded cell and took no other actions regarding Mr. Hunt.

Defendant Ducote breached the standard of care during this encounter in the following non-exclusive respects: (a) failing to conduct an appropriate suicide risk assessment in a private setting; (b) failing to direct that Mr. Hunt be removed from his flooded cell, or notifying any supervisory authorities about Mr. Hunt remaining locked in a flooded cell; (c) failing to notify a psychiatrist, nurse practitioner, or other provider about Mr. Hunt's expression of suicidal intent and isolation in a flooded cell; and (d) such other actions or inactions as may be discovered during the course of proceedings.

Mr. Hunt collapsed at some point during the course of the night, apparently from ingesting fentanyl. Jail staff failed to notify any medical staff about Mr. Hunt's unconscious condition until the following morning.

**RECEIVED**

MAY 1 7 2022

**LPCF**

Sometime the next morning, Defendant Frank Rattray was advised that Mr. Hunt was unresponsive and lying on the floor of his cell. Rattray went to check on Mr. Hunt, and arrived at Hunt's cell at 7:50 a.m. There, he observed Hunt lying unconscious in a pool of water. However, instead of immediately alerting the medical unit of the obvious medical emergency, Rattray delayed the notification to medical for over thirty (30) minutes while he waited for an OJC staff member to return to the tier. Rattray finally called for the medical emergency response team at approximately 8:25 a.m., after the OJC staff member returned to the tier and Hunt remained unresponsive.

Defendant Rattray breached the standard of care by failing to summon emergency medical help for Mr. Hunt when he first encountered him lying unconscious in a pool of water at 7:50 a.m. This breach is especially clear in light of Mr. Hunt's expression of suicidal ideation the previous night.

Although he was alive when emergency medical help arrived, Mr. Hunt was pronounced dead approximately ninety (90) minutes later.

*****

At all relevant times herein, the above-mentioned health care providers were employed by Wellpath LLC. Accordingly, Wellpath LLC is responsible for their negligence and/or deviations from the standard of care.

As a result of the foregoing failures and deviations from the standard of care, or any others revealed in the records regarding Anthony Hunt's treatment and death, the claimants suffered harm caused by his wrongful death. Further, the claimants bring this action for the pain and suffering, both physical and mental, that Anthony Hunt experienced in the time leading up to his death.

Please notify the Defendants of this claim and return a conformed copy of this request to me using the enclosed, self-addressed, stamped envelope.

Please include attorney Gary Bizal, who is co-counsel for the claimants, on all correspondence regarding this request. Mr. Bizal's address is:

Gary Bizal
4907 Magazine St.
New Orleans, LA 70115

RECEIVED

MAY 1 7 2022

LPCF

Finally, please advise find enclosed my firm check in the amount of $300 for the costs of this panel. If there are any additional costs, please advise. Thank you.

Sincerely yours,

STEPHEN J. HAEDICKE

Cc:    Gary Bizal

RECEIVED

MAY 1 7 2022

LPCF

2022 MAY 13 PM 2:45

COMMISSIONER'S OFFICE
DIVISION OF ADMINISTRATION

PCF 5

STATE OF LOUISIANA
PATIENT'S COMPENSATION FUND
P.O. BOX 3718
BATON ROUGE, LA 70821



7021 2720 0000 2141 9179

FIRST CLASS



US POSTAGE — PITNEY BOWES

ZIP 70802 $ 007.53°
02 4W
0000382768 MAY 19 2022

Frank Rattray
Wellpath Holdings, Inc.
1283 Murfreesboro Road, Suite 500
Nashville, TN 37217



705 NF3-1 42272005/19/22
NOTIFY SENDER OF NEW ADDRESS
:WELLPATH GROUP HOLDINGS
3340 PERIMETER HILL DR
NASHVILLE TN 37211-4123
BC: 37211412340        *1967-01246-19-44

# 𝔓𝔞𝔱𝔦𝔢𝔫𝔱'𝔰 𝔆𝔬𝔪𝔭𝔢𝔫𝔰𝔞𝔱𝔦𝔬𝔫 𝔉𝔲𝔫𝔡
### 𝔖𝔱𝔞𝔱𝔢 𝔬𝔣 𝔏𝔬𝔲𝔦𝔰𝔦𝔞𝔫𝔞
### Division of Administration



John Bel Edwards
Governor

Telisha Cain
P.O. BOX 3718
BATON ROUGE, LA 70821
(225) 342-5200
(866) 469-9555

Ken Schnauder, Executive Director
May 18, 2022

**CERTIFIED MAIL/RETURN RECEIPT REQUESTED**
Mr. Frank Rattray
Wellpath Holdings, Inc.
1283 Murfreesboro Road, Suite 500
Nashville, TN 37217

**Re:** Anthony Hunt(D),  et al  vs.  Wellpath, LLC,  et al
**PCF File No.:**  2022-00362

Dear Mr. Rattray:

Please be advised that a medical malpractice panel request has been filed with this office naming you as defendant. The plaintiff in this matter has requested the formation of a medical review panel as provided for in R.S. 40:1231.8 et seq. A copy of the documents filed with this office has been enclosed or was previously provided. Written notification should immediately be sent to this office acknowledging receipt of this panel request and informing us of the name and address of your counsel.

Your attention is directed to R.S. 40:1231.8 et seq, which sets forth the procedure to be followed in selecting the members of the medical review panel. You or your attorney will be contacted once the plaintiff complies with the current filing requirements. Should the plaintiff fail to comply, all parties will be notified and the request will be considered invalid.

Your attention is also directed to LAC 37: III, Chapter 11, §1101-1105, which outlines reporting requirements that you, or your insurer, must satisfy within the time allotted. Please note there is a possibility of termination of enrollment with the Patient's Compensation Fund for failure to comply with these reporting requirements.

Sincerely,

Susan Gremillion
Medical Malpractice Compliance Director

TC

### NOTICE OF MEDICAL MALPRACTICE CLAIM
### NOTIFY YOUR INSURANCE COMPANY OR YOUR ATTORNEY IMMEDIATELY

# Patient's Compensation Fund
## State of Louisiana
### Division of Administration



John Bel Edwards
Governor

Telisha Cain
P.O. BOX 3718
BATON ROUGE, LA 70821
(225) 342-5200
(866) 469-9555

Ken Schnauder, Executive Director
May 18, 2022

**CERTIFIED MAIL/RETURN RECEIPT REQUESTED**
Mr. Stephen J. Haedicke
1040 St. Ferdinand
New Orleans, LA 70117

**Re:** Anthony Hunt(D), et al vs. Wellpath, LLC, et al
    **PCF File No.:** 2022-00362    **File Date:** 5/13/2022
    **Date(s) of Alleged Malpractice:** 6/11/2021 - 6/22/2021

Dear Mr. Haedicke:

This will acknowledge receipt of your request for a medical review panel dated May 13, 2022. Based on the documents and information in possession of this office as of this date, the following providers are being reported as qualified for acts of medical malpractice under the provisions of R.S. 40:1231.8 et seq, for the above referenced claim:

**Wellpath, LLC - Self-Insured**
**Terrie Ducote - Self-Insured**
**Frank Rattray - Self-Insured**

The Oversight Board reserves the right to revise its qualification and coverage determination upon receipt of additional information. In addition, the Oversight Board reserves all applicable rights in the event it is judicially determined that this claim is **not** governed by Louisiana Medical Malpractice Act and is not required to be presented to medical review panel.

In accordance with R.S. 40:1231.8(A)(1)(c) a filing fee of $100 per qualified defendant **must be received by the Patient's Compensation Fund within 45 days of your receipt of this notice. Please remit full payment to the Patient's Compensation Fund in the amount of $300**. This filing fee may only be waived upon receipt of an affidavit from a physician or a district court's in forma pauperis ruling as set forth in R.S. 40:1231.8(A)(1)(d). **Failure to comply shall render the request invalid and without effect as to the above referenced qualified provider(s).** The request shall not suspend the time within which suit must be instituted.

### Reservation of Right:
As recognized by the Louisiana Supreme Court in **Coleman v. Deno**, 2001-1517 (La. 01/25/02), 813 So.2d at 315, the MMA only applies to "malpractice" as defined in La. R.S. 40:1231.1 and as interpreted by the Louisiana courts, and some or all of the allegations contained in the medical review panel request against the above named health care providers may not constitute malpractice. **AS SUCH, THE PCF AND THE OVERSIGHT BOARD RESERVE THE RIGHT TO DENY PCF COVERAGE FOR THOSE ALLEGATIONS WHICH MAY BE DETERMINED TO BE OUTSIDE OF THE SCOPE OF MALPRACTICE AS DEFINED IN THE MMA.** By participating in the medical review panel process, the parties involved with this claim agree that the PCF and the Oversight Board have not waived, but specifically have reserved, their rights to deny PCF coverage for all allegations determined to be outside of the scope of malpractice under the MMA.

Sincerely,

Susan Gremillion
Medical Malpractice Compliance Director

cc:  Mr. Gary Bizal

# 𝔓atient's 𝔠ompensation 𝔉und
### 𝔖tate of 𝔏ouisiana
### Division of Administration



John Bel Edwards
Governor

Ken Schnauder, Executive Director
May 18, 2022

Telisha Cain
P.O. BOX 3718
BATON ROUGE, LA 70821
(225) 342-5200
(866) 469-9555

**CERTIFIED MAIL/RETURN RECEIPT REQUESTED**
Wellpath, LLC
Corporate Creations Network, Inc.
1070-B W. Causeway Approach
Mandeville, LA 70471

Re: Anthony Hunt(D),  et al  vs.  Wellpath, LLC,  et al
     **PCF File No.:**  2022-00362

Dear Sir or Madam:

Please be advised that a medical malpractice panel request has been filed with this office naming you as defendant.  The plaintiff in this matter has requested the formation of a medical review panel as provided for in R.S. 40:1231.8 et seq.  A copy of the documents filed with this office has been enclosed or was previously provided.  Written notification should immediately be sent to this office acknowledging receipt of this panel request and informing us of the name and address of your counsel.

Your attention is directed to R.S. 40:1231.8 et seq, which sets forth the procedure to be followed in selecting the members of the medical review panel.  You or your attorney will be contacted once the plaintiff complies with the current filing requirements.  Should the plaintiff fail to comply, all parties will be notified and the request will be considered invalid.

Your attention is also directed to LAC 37: III, Chapter 11, §1101-1105, which outlines reporting requirements that you, or your insurer, must satisfy within the time allotted.  Please note there is a possibility of termination of enrollment with the Patient's Compensation Fund for failure to comply with these reporting requirements.

Sincerely,

Susan Gremillion
Medical Malpractice Compliance Director

TC

**NOTICE OF MEDICAL MALPRACTICE CLAIM**
**NOTIFY YOUR INSURANCE COMPANY OR YOUR ATTORNEY IMMEDIATELY**

# Patient's Compensation Fund
## State of Louisiana
### Division of Administration



John Bel Edwards
Governor

Telisha Cain
P.O. BOX 3718
BATON ROUGE, LA 70821
(225) 342-5200
(866) 469-9555

Ken Schnauder, Executive Director
May 18, 2022

**CERTIFIED MAIL/RETURN RECEIPT REQUESTED**
Ms. Terrie Ducote
Wellpath Holdings, Inc.
1283 Murfreesboro Road, Suite 500
Nashville, TN 37217

**Re:** Anthony Hunt(D),  et al  vs.  Wellpath, LLC,  et al
 **PCF File No.:**  2022-00362

Dear Ms. Ducote:

Please be advised that a medical malpractice panel request has been filed with this office naming you as defendant. The plaintiff in this matter has requested the formation of a medical review panel as provided for in R.S. 40:1231.8 et seq. A copy of the documents filed with this office has been enclosed or was previously provided. Written notification should immediately be sent to this office acknowledging receipt of this panel request and informing us of the name and address of your counsel.

Your attention is directed to R.S. 40:1231.8 et seq, which sets forth the procedure to be followed in selecting the members of the medical review panel. You or your attorney will be contacted once the plaintiff complies with the current filing requirements. Should the plaintiff fail to comply, all parties will be notified and the request will be considered invalid.

Your attention is also directed to LAC 37: III, Chapter 11, §1101-1105, which outlines reporting requirements that you, or your insurer, must satisfy within the time allotted. Please note there is a possibility of termination of enrollment with the Patient's Compensation Fund for failure to comply with these reporting requirements.

Sincerely,

Susan Gremillion
Medical Malpractice Compliance Director

TC

### NOTICE OF MEDICAL MALPRACTICE CLAIM
### NOTIFY YOUR INSURANCE COMPANY OR YOUR ATTORNEY IMMEDIATELY